**Dedy HULU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General of the United States, Respondent.**

No. 05–5376–AG.

United States Court of Appeals, Second Circuit.

Oct. 26, 2006.

H. Raymond Fasano, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney, Daniel David Hu, Assistant United States Attorney, Houston, TX, for Respondent.

Present: JOSÉ A. CABRANES, ROSEMARY S. POOLER and SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Dedy Hulu, a native and citizen of Indonesia, seeks review of a September 12, 2005 order of the BIA affirming the February 25, 2004 decision of immigration judge ("IJ") Philip Morace denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dedy Hulu,* No. A 95 963 651 (B.I.A. Sept. 12, 2005), *aff'g* No. A 95 963 651 (Immig. Ct. N.Y. City Feb. 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for further proceedings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

■ The IJ pretermitted Hulu's asylum application, finding that it had been filed beyond the one-year deadline and was not subject to any exceptions. Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D). Notwithstanding that provision, however, this Court retains jurisdiction to review constitutional claims and "questions of law." 8 U.S.C. § 1252(a)(2)(D). Hulu challenges only the merits of the IJ's denial of relief; he does not make any constitutional or statutory interpretation arguments. This Court therefore does not have jurisdiction to review the IJ's rejection of his asylum application on timeliness grounds.

■ Regarding Hulu's remaining claims, the IJ determined that while Hulu's testimony was subjectively genuine, it did not support a finding of past persecution or a well-founded fear of future persecution. The BIA has defined persecution as a "threat to the life or freedom of, or the infliction of suffering or harm upon, those who differ in a way regarded as offensive." *Matter of Acosta,* 19 I. & N. Dec. 211, 222, 1985 WL 56042 (BIA 1985), *overruled in part on other grounds, INS v. Cardoza–Fonseca,* 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987); *accord Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 342 (2d Cir.2006). The harm or suf-

fering must be inflicted in order to punish the individual for possessing a belief or characteristic the persecutor seeks to overcome, and inflicted either by the government of a country or by persons or an organization that the government is unable or unwilling to control. *Acosta,* 19 I. & N. Dec. at 222; *accord Rizal v. Gonzales,* 442 F.3d 84, 92 (2d Cir.2006). In addition, the harm must be sufficiently severe, rising above "mere harassment." *Ivanishvili,* 433 F.3d at 341; *Tian–Yong Chen v. INS,* 359 F.3d 121, 128 (2d Cir.2004). The difference between harassment and persecution is "necessarily one of degree that must be decided on a case-by-case basis." *Ivanishvili,* 433 F.3d at 341. Here, the agency was reasonable in determining that the single incident in which physical harm inflicted on Hulu was not persecution, as Hulu himself admitted that he did not suffer any serious injuries. He was also reasonable in finding that the challenges Hulu suffered at work did not amount to persecution on account of his religious beliefs, as Hulu voluntarily left his positions and did not have trouble finding new employment.

▮ With respect to Hulu's claimed fear of future persecution, the IJ noted that the State Department Report on International Religious Freedom for Indonesia for 2002 indicated that while Java had problems with religious violence, the rest of the country had seen a reduction in sectarian tensions, and that a significant Christian population lives in Indonesia and is represented by three political parties. The IJ also noted that Hulu's mother and his five siblings continue to live safely in Indonesia. The IJ's finding that Hulu failed to meet his burden of proof for establishing eligibility for withholding of removal is substantially supported by the record as a whole.

In his brief, Hulu fails to challenge the merits of the agency's determination that he did not sustain his burden of proof for CAT relief. Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal in the absence of manifest injustice. *Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005). Because Hulu has failed to sufficiently argue the merits of his CAT claim before this Court, and because addressing this argument is not necessary to avoid manifest injustice, we deem the argument waived.

For the foregoing reasons, the petition for review is DISMISSED in PART and DENIED in PART. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).